## NICKERSON *vs.* MASON.

A *vessel* of 100 tons burden and upwards, passing through *Hurl-Gate,* near the city of New York, is bound to pay *half pilotage,* although the master navigating her declines the services of a *pilot.* Half pilotage in such case is 56 1-4 one hundredths for very foot of water the vessel draws.

ERROR from the superior court of the city of New York. Mason sued Nickerson in an *assistant justice's court,* in the city of New York, claiming *half pilotage* upon a vessel navigated by Nickerson, on her passage through *Hurl-gate,* near the city of New York. The vessel is of about 120 tons, and

about 8 feet water. The plaintiff tendered his services as a pilot, which were declined by the defendant. It was admitted that the vessel was a coasting vessel, and sailed under a coasting license. The justice rendered judgment for $4,48 damages, and the cost of suit. The judgment was *affirmed* on *certiorari*, by the superior court of the city, and the defendant sued out a writ of error.

ALBANY,
Oct. 1834.

Nickerson
v.
Mason.

*H. M. Weston,* for plaintiff in error.

*Flanagan & Duryee,* for defendant in error.

*By the Court,* SAVAGE, Ch. J. By an act of the legislature of this state, passed February 19th, 1819, in relation to the master and wardens, harbor masters and pilots of the port of New York, the pilots by Sandy Hook may demand from vessels of the United States drawing less than fourteen feet, $1,50 for every foot such vessel shall draw, *Stat. Laws, a., p. 20, § 21*; and if the masters of certain vessels shall refuse to receive a pilot, such masters shall pay half pilotage, § 20; and by § 25, every pilot through Hurl-Gate may receive from the master to whom he shall tender his services and by whom the same shall be refused, three-fourths of the rates allowed to other pilots in those cases. This action provides that nothing shall be demanded from *coasting vessels,* sailing under a coasting license, unless they make a signal for a pilot. The act of April 16th, 1830, applies the provisions of the 25th section, last referred to, to all coasting vessels passing Hurl-Gate, except those of less than 100 tons burthen. The plaintiff in error contends that the judgment of the superior court should be reversed, because the vessel in this case was owned in *Boston,* and that consequently the law of this state on this subject is unconstitutional. The answer to which is, that it does not appear where the vessel was owned, and therefore the question cannot be raised. The *amount* of the justice's judgment is right. The declaration is sufficient, particularly as no objection was made to it, or to the evidence under it,

ALBANY,
Oct. 1834.

before the justice. The vessel exceeded 100 tons burthen; and under the act of 1830, it was immaterial whether she had a coasting license or not, or whether she made a signal for a pilot or not.

